# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# NORTHERN DIVISION

| | |
|---|---|
| RODRIGO BERNABE-REYNOSO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:24-CV-01002-KES<br><br><br><br>REPORT AND RECOMMENDATION ON HABEAS CORPUS PETITION |

Rodrigo Bernabe-Reynoso, a federal inmate, has filed a habeas petition under 28 U.S.C. § 2241 seeking relief from an Immigration and Customs Enforcement (ICE) detainer placed on him. Because subject matter and personal jurisdiction are lacking and the case filing fee has still not been paid, Bernabe-Reynoso's petition should be dismissed.

**FACTUAL BACKGROUND**

After pleading guilty to illegal reentry after deportation in the District of South Dakota, Bernabe-Reynoso received a 24-month custody sentence.[1] The Bureau of Prisons (BOP) placed him at the Federal Correctional Institution (FCI) in Thomson, Illinois where he is serving his sentence.[2] His estimated release date is October 25, 2024.[3]

In February 2023, ICE placed a detainer on Bernabe-Reynoso. But the detainer was not lodged until he arrived at FCI Thomson on September 26, 2023.[4] ICE sent notice to FCI Thomson in December 2023 that a final removal order had been entered against him.[5] After learning of the notice, Bernabe-Reynoso unsuccessfully tried to resolve his detainer and deportation issues, both informally and formally, through the administrative channels at FCI Thomson.[6]

At the same time, Bernabe-Reynoso filed a § 2241 petition for habeas corpus relief in South Dakota federal court, naming the "United States of America" as the respondent.[7] In his petition, he requests a stay of deportation and a hearing to review the circumstances of his illegal reentry.[8]

---

[1] 1:23-cr-10011-CBK, Docket No. 33.
[2] *See* 1:24-cv-01002-KES, Docket No. 1-1.
[3] *Id.* at 2-3.
[4] *Id.* at 1.
[5] *Id.* at 3.
[6] 1:24-cv-01002-KES, Docket Nos. 7-8.
[7] 1:24-cv-01002-KES, Docket No. 1.
[8] *Id.* at 2.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

"The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment."[9] "Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ."[10]

Bernabe-Reynoso seeks relief from the consequences of an ICE detainer. "The detainer, however, does not purport to effect [his] status as a sentenced federal offender[.]"[11] The filing of a detainer with prison officials "does not constitute the requisite 'technical custody' for purposes of habeas jurisdiction."[12] Bernabe-Reynoso may not challenge his detainer via habeas corpus until he is released from his present term of confinement and placed in ICE custody.[13] Because Bernabe-Reynoso is in BOP's custody, not ICE's, there is no subject matter jurisdiction to entertain his habeas corpus petition and grant him the relief (review of his detainer and stay of deportation) he asks for.[14]

---

[9] *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).

[10] *Id.*; *see also* 28 U.S.C. § 2241(c) (stating when writ of habeas corpus extends to prisoner).

[11] *Campillo*, 853 F.2d at 595.

[12] *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989).

[13] *Campillo*, 853 F.2d at 595; *see also Belasco v. Snyder*, 208 F.3d 217, 217 (8th Cir. 2000) (filing of detainer with prison officials does not create custody supporting habeas jurisdiction).

[14] *See Perez-Ramirez v. Lindemann*, 20 F. App'x 568, 568 (8th Cir. 2001); *see also Rojas Hernandez v. Paget*, No. 16-CV-02537(DWF/HB), 2016 WL 7404742, at *2 (D. Minn. Nov. 10, 2016) ("it is well-established that an immigration detainer does not establish federal custody for habeas corpus purposes"), *report and recommendation adopted*, 2016 WL 7404683 (D. Minn. Dec. 21, 2016); *Richards v. Holder*, No. CIV. 10-4128 ADM JJK, 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011) (dismissing petition with prejudice and finding that *Campillo* requires petitioner to be in "physical custody of INS or ICE" before complaining about deportation even when there is "a final order of removal and an immigration detainer").

### B. Personal Jurisdiction

A § 2241 petition must be filed in the district where the petitioner is incarcerated.[15] The reason is simple: a habeas petition, if granted, is addressed to the custodian holding the petitioner in custody.[16] The "rule has always been that the [w]rit is issuable only in the district of confinement."[17]

Bernabe-Reynoso is at FCI in Thomson, Illinois. The warden of that facility is the proper respondent, not the United States of America.[18] A South Dakota federal court does not have personal jurisdiction over Bernabe-Reynoso's immediate custodian—the warden of FCI Thomson.[19]

### C. Failure to Pay Filing Fee

On February 1, 2024, Reynoso moved for leave to proceed in forma pauperis.[20] The next day, the district court denied his motion and ordered him to pay the filing fee of $5.00 by March 4, 2024.[21] In doing so, the court warned him that the failure to pay the

---

[15] *See* § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).
[16] *Padilla*, 542 U.S. at 442.
[17] *Id.* (citation omitted).
[18] *Id.* at 435.
[19] 28 U.S.C. §§ 2242, 2243; *Padilla*, 542 U.S. at 434-42; *see also Dowty v. United States*, 4:16-CV-04065-KES, Docket Nos. 12 (recommending dismissal of § 2241 petition for lack of personal jurisdiction because petition not filed in district of petitioner's incarceration), & 14 (adopting report and recommendation in full); *Mathison v. Berkebile*, 988 F. Supp. 2d 1091, 1102 (D.S.D. 2013) (discussing concurring opinion in *Padilla* that "proper location of habeas petition is best understood as a question of personal jurisdiction or venue" and that in *Padilla* there was no government waiver or established exception to immediate-custodian rule or to rule that case must be brought in district court with authority over territory in question).
[20] 1:24-cv-01002-KES, Docket No. 3.
[21] 1:24-cv-01002-KES, Docket No. 6.

$5.00 fee by that date, would "result in the dismissal [of his petition] without prejudice."[22] To date, Bernabe-Reynoso has not paid the fee as ordered.

## CONCLUSION

A South Dakota federal court lacks subject matter jurisdiction because Bernabe-Reynoso does not challenge his custodial status as a federal prisoner, only the ICE detainer against him and his deportation order. Such a court does not have personal jurisdiction either because Bernabe-Reynoso failed to file his § 2241 petition in the district where he is incarcerated—Illinois—and name his custodian—the warden of FCI Thomson—as the respondent. Bernabe-Reynoso has also flouted the district court's order, mandating him to pay a nominal filing fee or risk dismissal of his case.

## RECOMMENDATION

For all of these reasons, and based on the record as it now exists, it is

RECOMMENDED that Bernabe Reynoso's petition[23] be dismissed.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[24] Unless an extension of time for cause is later obtained,[25] failure to

---

[22] *Id.*

[23] 1:24-cv-01002-KES, Docket No. 1.

[24] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[25] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

file timely objections will result in the waiver of the right to appeal questions of fact.[26]

Objections must "identify[] those issues on which further review is desired[.]"[27]

    DATED this 8th day of March, 2024.

BY THE COURT:

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *See Thompson*, 897 F.2d at 357; *Nash*, 781 F.2d at 667.
[27] *Arn*, 474 U.S. at 155.